# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD J. REDAY, : | |
| MARY A. REDAY : | |
|  : | **Case No.:** |
| **Plaintiffs** : | |
|  : | |
| v.  : | **CIVIL COMPLAINT** |
|  : | |
| NCO FINANCIAL SYSTEMS, : | **JURY TRIAL DEMANDED** |
| INC., : | |
| **Defendant** : | |

## COMPLAINT

### Introduction

1. Plaintiff, Edward and Mary Reday, by and through their undersigned counsel, brings this action against NCO Financial Systems, Inc. ("NCO") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq. (hereinafter referred to as "FDCPA")[1], the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.1 et seq., and the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-2 et seq. (hereinafter referred to as the "UTPCPL"), and in support thereof avers as follows:

---

[1] This strict liability statute provides for actual and statutory damages upon the showing of one (1) violation. 15 U.S.C. § 1692k.

## Jurisdiction

2. Jurisdiction is conferred on this Court pursuant to the provisions of Section 1331 of Title 28 of the United States Code.

3. This Court has supplemental jurisdiction to hear all state law claims pursuant to Section 1367 of Title 28 of the United States Code.

4. Venue lies in this District pursuant to Section 1391(b) of Title 28 of the United States Code.

## Parties

5. Plaintiffs, Edward and Mary Reday, are adult individuals residing at 2405 Rolling Hills Drive, Mechanicsburg, Pennsylvania 17055.

6. Defendant, NCO Financial Systems, Inc., is an entity engaged in the business of collecting debts within the Commonwealth of Pennsylvania with its principal place of business located at 507 Prudential Road, Horsham, PA 19044.

## Facts Common to All Counts

7. By October 2009, Plaintiffs had accumulated a debt on their Old Navy Credit Card of approximately $1,100, and were unable to make the payments.

8. The Old Navy debt was sold, transferred, or assigned to the debt collection agency, Defendant NCO Financial Systems, Inc.

9. Defendant began calling Plaintiffs at home, work, and on their cell phones in order to collect on the debt.

10. By this time in October, Plaintiffs retained counsel in connection with their debts, ultimately planning to file bankruptcy.

11. Plaintiffs' filing for bankruptcy was delayed because Plaintiff Mary Reday was undergoing extensive cancer treatment at Holy Spirit hospital. During this time, Plaintiffs informed Defendant that they were represented by counsel and provided contact information to them. However, Defendant continued to harass Plaintiffs with repeated illegal debt collection activity despite having actual knowledge that Plaintiffs were represented by counsel.

12. On October 19, 2009, Defendant called Plaintiff Mary Reday at her place of employment, but Mary was unable to take the call.

13. On October 27, 2009, Defendant called Plaintiff Edward Reday's cell phone number. Edward asked them not to call him anymore on his cell phone, at home, or at work, but instead to call his attorney, and once again, provided the attorney contact information. Defendant disregarded

Plaintiff's request, threatening him, instead, that they would "do what needs to be done" to collect the debt that Plaintiffs owed them.

14. Despite receiving the contact information for Plaintiffs' attorneys and instructions not to call again, Defendant called Mary's work again on November 10, 2009. The receptionist, after being told who they were, put them on hold. Defendant hung up before Mary could answer.

15. On November 16, 2009, Defendant called Mary's work and Mary instructed them again to stop calling her at work, and again, told Defendant she was represented by counsel.

16. On December 21, 2009, Defendant called Mary at work again. At one point, Defendant's representative, who identified himself as "Erickson," attempted to persuade Mary to give him her checking account number. When Mary told Erickson that she did not have the number, he became indignant and demeaning, telling her that she should have her checking account number memorized. Mary again reminded him not to call her at work.

17. That same day, another representative, identifying herself as Abigail, called Edward's cell phone to collect on the debt. Edward informed

her again to stop calling him and to call his attorney. Instead of heeding the instructions, Abigail asked where Edward worked and to speak to Mary.

18. On December 26, 2009, the day after Christmas, Defendant called Plaintiffs again and spoke with Edward. When Edward told Defendant to speak to his attorney, Defendant's representative, Iris, said that they did not have any information about an attorney on file. Edward again gave Defendant his attorney's contact information, and Iris replied, "That is not the number we have for him," even though she had just previously denied having any contact information at all.

19. The next day, Defendant called Plaintiffs again. This time, Defendant admitted that Plaintiffs' attorney contact information was on file. Plaintiffs again told them to stop calling.

20. As a result of these repeated phone calls, Plaintiffs were forced to engage the services of an attorney in order to bring a halt to the illegal and repeated harassment by Defendant.

21. As a result of Defendant's illegal action, Plaintiffs have suffered needless anxiety, distress, humiliation, fear and embarrassment for which compensation is sought.

## First Claim for Relief
### (Violation of the Fair Debt Collection Practices Act)

22. The preceding paragraphs are incorporated by reference as though fully set forth herein.

23. Plaintiffs are "consumers" as that term is defined by state law and 15 U.S.C. § 1692a(3).

24. Defendant is a debt collector as defined by state law and 15 U.S.C. § 1692a(6).

25. At all times pertinent hereto, the Defendant was collecting a debt relating to a consumer transaction within the meaning of 15 U.S.C. § 1692a(5).

26. Defendant violated the FDCPA. Defendant's violations include but are not limited to the following:

   a. engaging in any conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of a debt, 15 U.S.C. § 1692d;

   b. threatening to take an action that cannot legally be taken, 15 U.S.C. § 1692(e)(5);

    c. the use of unfair and/or unconscionable means to collect or attempt to collect on the Account, 15 U.S.C. § 1692f preface;

    d. communicating with the Plaintiffs despite actual knowledge that Plaintiffs were represented by counsel with respect to the underlying debt, and despite knowledge regarding the name and address of his counsel, 15 U.S.C. § 1692c(a)(2).

27. As a result of Defendant's wrongful actions and unlawful collection activity as described above, Plaintiffs have been subjected to anxiety, harassment, and emotional distress for which compensation is sought.

28. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiffs for statutory damages of $1,000.00, and attorney's fees under 15 U.S.C. § 1692k.

**Second Claim for Relief**
**(Violation of the Fair Credit Extension Uniformity Act)**

29. The preceding paragraphs are incorporated by reference as though fully set forth herein.

30. The Plaintiffs are "consumers" as that term is defined by the Fair Credit Extension Uniformity Act ("FCEUA"), 73 P.S. § 2270.3.

31. The Plaintiffs' relationship with Defendant arose out of a consumer "debt" as that term is defined by the FCEUA, 73 P.S. § 2270.3.

32. Defendant was and is a "debt collector" as that term is defined by the FCEUA, 73 P.S. § 2270.3.

33. All violations of the FDCPA are also violations of the FCEUA under 73 P.S. §2270.4(a).

34. As a result of Defendant's wrongful actions and unlawful collection activity as described above, Plaintiffs have been subjected to anxiety, harassment, and emotional distress for which compensation is sought under 73 P.S. §2270.5(c).

35. Defendant is liable to Plaintiffs for, and Plaintiffs are requesting: statutory damages, punitive damages, reasonable attorney fees computed at the rate of $225 per hour, and other relief as the Court deems necessary and proper, 73 P.S. § 201-9.2.

### Third Claim for Relief
### (Violation of the PA Unfair Trade Practices and Consumer Protection Law)

36. The preceding paragraphs are incorporated by reference as though fully set forth herein.

37. As a result of the above violations of the FCEUA, the Defendant has also violated the act of Dec 17, 1968 (P.L. 1224 No. 387), commonly known as the Unfair Trade Protection and Consumer Protection Law, 73 P.S. 201-2 et.seq. (*See* 73 P.S. 2270.5).

38. As a result of Defendant's wrongful actions and unlawful collection activity as described above, Plaintiffs have been subjected to anxiety, harassment, and emotional distress for which compensation is sought.

39. As a result of the above violations of the UTPCPL, Defendant is liable to Plaintiffs for, and Plaintiffs are requesting: statutory damages, treble damages, reasonable attorney fees computed at the rate of $225 per hour, and other relief as the Court deems necessary and proper, 73 P.S. § 201-9.2.

**WHEREFORE,** the Plaintiffs, having set forth their claims for relief against the Defendant, and pursuant to the remedies set forth and permitted by law, respectfully prays of the Court as follows:

    A. That the Plaintiffs have and recover against the Defendant a sum to be determined by the Court in the form of statutory damages in the amount of $1,000.00, reasonable attorney fees computed at the rate of $225 per hour, and other relief as the

    Court deems necessary and proper for Defendant's violation of the FDCPA pursuant to 15 U.S.C. Section 1692k;

B. That the Plaintiffs have and recover against the Defendant a sum to be determined by the Court in the form of statutory damages, punitive damages, treble damages, reasonable attorney fees computed at the rate of $225 per hour, and other relief as the Court deems necessary and proper for Defendant's violation of Pennsylvania Fair Credit Extension Uniformity Act and/or Pennsylvania Unfair Trade Practices and Consumer Protection Law pursuant to 73 P.S. § 2270.5 and 73 P.S. § 201-9.2.

C. That the Plaintiffs have such other and further relief as the Court may deem just and proper.

            Respectfully submitted,

            **BOYLE, NEBLETT, & WENGER**

            /s/ John P. Neblett
            John P. Neblett
            Boyle, Neblett, & Wenger
            Attorney I.D. No. 80036
            4660 Trindle Road, Suite 200
            Camp Hill, PA 17011
            (717) 737-2430

June 17, 2010